# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-27-M-DWM |
| Plaintiff, | |
| vs. | |
| JON PITNEY CRANDALL, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

_____

On December 6, 2011, officers of the Flathead County, Montana, Sheriff's Department seized computers, external hard drives and other materials from the residence of Defendant Jon Pitney Crandall. The officers acted under a warrant issued by a Montana District Court Judge for the search and seizure of evidence pertaining to the criminal offense of the receipt, possession or production of child pornography. A subsequent search of the seized computers and hard drives led to the present case in which Crandall stands charged for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

Crandall has moved to suppress all evidence derived from the referenced search upon the ground the warrant was invalid under the Fourth Amendment to the United States Constitution. United States District Judge Donald W. Molloy

referred Crandall's motion to suppress to the undersigned for findings and recommended disposition. A hearing on the motion was held on September 10, 2012. For the reasons detailed below, I recommend that Crandall's motion be granted, and all evidence derived from the search of his residence be suppressed.

## I. Factual Background

On November 30, 2011, Flathead County Sheriff's Detective Sergeant Jeanne Parker sought a warrant to search the residence of Jon Pitney Crandall for evidence of his receipt, possession or distribution of child pornography in violation of Mont. Code. Ann. § 45-5-625. In the Application and Affidavit for Search Warrant she submitted to the State District Judge, Detective Parker also requested permission to seize specific items of personal property described in "Attachment A" to her Affidavit. After reviewing Detective Parker's Application and Affidavit, the State District Judge signed the search warrant — the text of which had been prepared by Parker.

> The prefatory language of the search warrant states in pertinent part:
>
> A sworn application having been made before me by Detective Jeanne Parker [...] that she has reason to believe that located at [Crandall's residence] [ ...] there have been and are now located certain items of personal property which are contraband, evidence, fruits of the crime, [...] of Sexual Abuse of Children, § 45-5-625, MCA, and are particularly described as being:

The prefatory statement proceeds to list specific items of personal property, including computers, external hard drives, electronic storage devices, digital cameras, and various other materials. The prefatory statement concludes with the following sentence:

> I am satisfied that there is probable cause to believe that the property described is in the said premises or on people found at the said premises described above.

Following the prefatory statement is the operative language of the warrant that states in pertinent part:

> You are hereby commanded to serve this warrant and search the premises [...] for the property specified in Attachment A of the Application and Affidavit; and if the property is found there, to seize it[.] [...] This authorization includes the subsequent search of any and all items located.

The property specified in Attachment A to Detective Parker's Application and Affidavit is identical to the list of property set forth in the prefatory language of the warrant itself. It is imperative to note, however, that the face of the search warrant itself does not reflect that fact. And contrary to the suggestion of the United States, the State District Judge did not expressly incorporate the prefatory language into the operative language of the warrant.

Detective Parker and other law enforcement officers executed the search warrant at Crandall's residence on December 6, 2011. It is undisputed that

3

Crandall was served with a copy of the search warrant itself. But neither the copy served on Crandall, nor the original warrant in the possession of the executing officers, was accompanied by either Detective Parker's Application and Affidavit or Attachment A.

Relying principally upon the Supreme Court's decision in *Groh v. Ramirez*, 540 U.S. 551 (2004), Crandall asserts the search warrant is invalid under the Fourth Amendment because it failed to particularly describe the things the State District Judge authorized the officers to seize.[1] Consequently, he asks that all physical evidence seized as a result of the search be suppressed.

The United States counters that although Detective Parker's Application and Affidavit, as well as Attachment A, were not appended to, nor did they accompany, the original search warrant, the prefatory language of the search warrant operates to satisfy the particularity requirement of the Fourth Amendment.

---

[1] In a preliminary paragraph of her Application and Affidavit, Detective Parker states the purpose of her application was to "seize evidence, more particularly described in Attachment B[.]" In the concluding paragraph of the Application and Affidavit, however, she states the items of personal property and evidence sought to be seized are "fully described in Attachment A of this Affidavit[.]" It is undisputed that the preliminary reference to Attachment B was a typographical error.

Nonetheless, Crandall presents the alternate argument that the discrepancy between Attachment A and B renders the application — hence the search warrant itself — defective under the Fourth Amendment. Because the Court finds the search warrant to be facially invalid, it need not address Crandall's alternate argument.

Thus, the issue framed is whether the prefatory language satisfies the particularity requirement.[2] For the reasons discussed below, the Court finds it does not.

## II. Discussion

The Fourth Amendment to the United States Constitution protects against unlawful searches and seizures committed by governmental officials. Specifically, the Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. Amend. IV. It further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]" *Id*.

The Fourth Amendment also imposes specific requirements upon the content of a search warrant. The text of a warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. *United States v. Grubbs*, 547 U.S. 90, 97 (2006) (delineating the two matters that must be particularly described in a warrant). This "particularity requirement"

---

[2]It must be noted that Crandall is not challenging the validity of the search based upon the fact he was not properly served, i.e. presented, with a copy of the search warrant and the referenced attachments. *See United States v. Gantt*, 194 F.3d 987, 1005 (9th Cir. 1999) overruled on other grounds *United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008); *United States v. Williamson*, 439 F.3d 1125, 1132 n.4 (9th Cir. 2006).

serves to prevent law enforcement officers from conducting a general, exploratory search, and to prevent them from seizing one item "under a warrant describing another." *United States v. Bridges*, 344 F.3d 1010, 1016 (9th Cir. 2003). Where a search warrant lacks the requisite particularity, the warrant is "fundamentally offensive to the underlying principles of the Fourth Amendment[,]" and is unconstitutional. *Id*; *Groh*, 540 U.S. at 557 (citing *Massachusetts v. Shepard*, 468 U.S. 981, 988 n.5 (1984)).

The list of particularly described items that a judicial officer has authorized the executing officers to seize must be apparent from the face of the warrant. *Bridges*, 344 F.3d at 1017. The executing officers may not be left to speculate as to "what it is that they are being asked to search for and seize from the target property." *Id*. Nothing is to be left to the discretion of the officers executing the warrant (*id*. at 1016), and the restraint on the officers' ability to seize specific items of evidence must be imposed "by a judicial officer" through the terms of the warrant. *Groh*, 540 U.S. at 559 (quoting *Katz v. United States*, 389 U.S. 347, 356 (1967)).

In appropriate circumstances a search warrant can reference other documents which may provide the requisite particularity as to the description of the items to be seized. *Groh*, 540 U.S. at 557. But a warrant's reference to other

documents must employ "appropriate words of incorporation" to incorporate the documents into the warrant, and significantly, the referenced documents must "accompan[y] the warrant." *Id*. 540 U.S. at 557-58.

The requirement that the referenced documents accompany the warrant is constitutionally significant. The Fourth Amendment's warrant requirement serves the "high function" of interposing a judge "between [a] citizen and the police." *McDonald v. United States*, 335 U.S. 451, 455 (1948). But this "high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search," but that document does not accompany the warrant thereby leaving the executing officers with the discretion to determine for themselves the items they will seize. *Groh*, 540 U.S. at 557.

One of the significant purposes served by requiring a referenced document to accompany the warrant is "to limit the officer's discretion" in determining what items of property to seize. *United States v. McGrew*, 122 F.3d 847, 850 (9th Cir. 1986) (citations and quotations omitted). If the referenced document that describes the items to be seized does not accompany the warrant at the scene of the search, then the officer conducting the search is not provided with sufficient information to enable the officer "reasonably to identify the things authorized to be seized[,]" and the warrant fails for lack of particularity. *McGrew*, 122 F.3d at

7

849-850.

Here, the search warrant commanded Detective Parker to seize the items "specified in Attachment A of the Application and Affidavit". But neither the Application and Affidavit, nor Attachment A to the Application and Affidavit were appended to, or accompanied, the search warrant. Thus, the search warrant, on its face, did not describe with particularity the things that the State District Judge authorized the executing officers to seize as required by the Fourth Amendment. Absent the requisite judicially-imposed restraint, the search warrant left the several officers at the scene of the search with the discretion to determine what items they would seize.

Admittedly, Attachment A to Detective Parker's Application and Affidavit may sufficiently describe, with adequate particularity, the "things to be seized." But an adequate description of items to be seized as set forth in a search warrant application "does not save the *warrant* from its facial invalidity." *Groh*, 540 U.S. at 557 (emphasis in original). The Fourth Amendment requires particularity in the text of the warrant, not in the documents submitted in support of the application for the warrant. *Id*.

The United States argues that the prefatory language in the warrant describing the items of property and evidence Detective Parker believed were

located at Crandall's residence saves the warrant. Indeed the United States conceded at the suppression hearing that absent the prefatory language, the warrant would fail for lack of particularity because the warrant was not accompanied by Detective Parker's Application and Affidavit, or Attachment A.[3]

The prefatory language, by its very terms, merely describes what items of property and evidence Parker believed were located at the residence. And indeed the State District Judge agreed that probable cause existed to believe that the items were located at the residence. But the operative language of the warrant does not describe the items of property and evidence the State District Judge expressly authorized to be seized. Nor does the operative language of the warrant expressly state, by incorporation or otherwise, that the State District Judge was authorizing the seizure of all items of property and evidence listed in the prefatory language.

It matters not that the list of items of personal property and evidence set forth in the prefatory language of the warrant is identical to the list set forth in

---

[3]This concession was appropriate in view of the fact that after *Groh* the Ninth Circuit — as well as a majority of the Federal Circuit Courts — allow a warrant to be construed with reference to a supporting application or affidavit, but "only if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit either is attached physically to the warrant or at least accompanies the warrant while agents execute the search." *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 699 (9th Cir. 2009) (quoting *United States v. Kow*, 58 F.3d 423, 429 n.3 (9th Cir. 1995)). *See also United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006).

9

Attachment A. This Court cannot add language to the face of the warrant, but must read the warrant as written. The constitutional requirement is that the judicial officer must expressly identify, with particularity, the specific items of evidence the judicial officer grants authority to seize. "The mere fact that the [Judge] issued a warrant does not necessarily establish that he agreed that the scope of the search should be as broad as the affiant's request." *Groh*, 540 U.S. at 561. Absent a particularly described list of items, on the face of the warrant, that the judicial officer authorized to be seized, "there can be no written assurance that the [Judge] actually found probable cause to search for, and to seize, every item mentioned" in the search warrant applicant's request. *Groh*, 540 U.S. at 560. Therefore, the search warrant here cannot be construed as authorizing seizure of the items recited in the body of the search warrant, and that recitation is not sufficient to satisfy the particularity requirement.

In sum, the lack of particularity in the subject search warrant renders it constitutionally defective. "At the very core" of the Fourth Amendment is the right of individuals to be free from unreasonable governmental intrusion in, or searches of, their own "home." *Kyllo v. United States*, 533 U.S. 27, 31 (2001) (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)). Thus, a search under the Fourth Amendment generally requires the issuance of a search warrant

through the judicial process, and a "search of a home or residence without a warrant is presumptively unreasonable." *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010).

Here, the search of Crandall's home pursuant to a search warrant that failed to satisfy the particularity requirement of the Fourth Amendment is regarded as an unconstitutional, warrantless search in violation of the Fourth Amendment. *Groh*, 540 U.S. at 558 (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). Where executing officers do not possess a warrant particularly describing the things to be seized, it is "clearly 'unreasonable' under the Fourth Amendment" for the officers to proceed with the search of a home. *Groh*, 540 U.S. at 563.

In view of the lack of particularity in the search warrant, suppression is an appropriate remedy. Where "a warrant [... is] so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid[,]" the officers may not proceed with a search of a home pursuant the warrant. *United States v. Leon*, 468 U.S. 897, 923 (1984); *Groh*, 540 U.S. at 563.

Because the search warrant here fails for lack of particularity and is facially invalid, the circumstances of this case fall within the situation identified in *Leon* to which the exclusionary rule must be applied. Assuming, as the Court has decided,

that the warrant is facially invalid, the United States presents no argument against application of the exclusionary rule.

Based on the foregoing, the Court recommends that Crandall's motion to suppress be granted. The evidence identified in the Evidence Recovery Log should be suppressed.

The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel on or before November 6, 2012. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (the court need not give the parties the full statutory period set forth in 28 U.S.C. § 636(b)(1) within which to file objections).

DATED this 1st day of November, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge